Dear Mr. Grefer:
On behalf of the Jefferson Parish Council, you have requested the opinion of this office regarding the legality of a proposed cooperative endeavor agreement between Jefferson Parish and the District Attorney's Office for the Twenty-Fourth Judicial District. Article VII § 14 of the Louisiana Constitution of 1974 governs the transfer of public funds between political subdivisions of the state. L.S.A.-Const. Art. VII § 14 (A) provides that:
 Except as otherwise provided by this constitution, the funds, credit, property or things of value of this state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private. Neither the State nor a political subdivision shall subscribe to or purchase the stock of a corporation or association or for any private enterprise.
This provision is not absolute, as L.S.A.-Const. Art. § 14 (C) provides that:
 For a public purposed, the State and its political subdivisions or political corporation may engage in cooperative endeavors with each other, with the United States or its agencies, or with any public or private association, corporation, or individual.
The cooperative endeavor agreement the District Attorney's Office for the Twenty-Fourth Judicial District and the Parish of Jefferson must withstand scrutiny under L.S.A.-Const. Art. VII § (C). A constitutionally sanctioned cooperative endeavor must meet a three part test: (a) the public agency has a legal obligation to expend public funds, (b) the expenditure must be for a public purpose and, (c) the expenditure must create a public benefit proportionate to its cost. See Attorney General Opinion Number 92-722 and 93-165.
As a home rule charter government, the Jefferson Parish Council enjoys all inherent powers necessary, requisite or proper for the fulfillment of the obligations and public purposes mandated by the home rule charter, as long as such purposes and powers are not prohibited by general state law or the constitution. The Jefferson Parish Council, as local governing authority, has a legal obligation to provide for the safety and welfare of its citizenry. Such an obligation includes the protection of the health, safety and property of citizens from the dangers of illegal activity. Construction of a new correctional center relates directly to that legal obligation. See Attorney General Opinion Number 93-165.
The District Attorney for the Twenty-Fourth Judicial District is required to expend funds held in District Attorney's General Expense Fund in fulfillment of the duties of his constitutional office. We are of the opinion that the District Attorney for the Twenty-Fourth Judicial District has a legal obligation to use these proceeds to ensure the successful prosecution of individuals charged with violations of state law in Jefferson Parish. Effective prosecution requires that the District Attorney ensures that individuals charged with serious offenses remain incarcerated from the time of arrest through conviction. Use of monies from the District Attorney's General Expense Fund to defray the cost of constructing a new correctional center in Jefferson Parish accomplishes this purpose.
This office is therefore of the opinion that the proposed cooperative endeavor agreement attached to your October 14, 1997 opinion request is legally permissible.
Sincerely,
 RICHARD P. IEYOUB Attorney General
 BY: ___________________________ DOUGLAS W. FREESE Assistant Attorney General
DWF/ckj
RECEIVED: October 15, 1997
RELEASED:
Douglas W. Freese Assistant Attorney General